RUEL B. CARPENTER, Respondent, *v.* HUGH HALSEY, Appellant.

(Argued January 12, 1874; decided May term, 1874.)

THIS was an action for malicious prosecution in causing the arrest of plaintiff for assault and battery.

The difficulty grew out of a dispute about some stone which plaintiff claimed he had drawn for a line fence between him and defendant, which were deposited on defendant's land near the line. After showing his arrest and discharge, plaintiff testified that at the time of the alleged assault, for which he was arrested, defendant, in fact, committed upon him an aggravated and unprovoked assault and battery.

Upon plaintiff's cross-examination, he was asked by defendant's counsel if he had ever had a fight, before the one in question, with defendant. He answered he had had a difficulty. Defendant's counsel then offered to show that plaintiff had had a fight before and remained hostile, and had made a boast that he had whipped defendant once, and would do it again. The evidence was excluded, the court stating that defendant could show that there had been a previous difficulty, and that plaintiff was unfriendly, but that he would not allow any inquiry into the nature of the previous difficulty, and defendant excepted. Thereafter, defendant gave evidence tending to show that plaintiff committed upon him the first assault, and that he acted in self defence. *Held*, that if the excluded evidence had been offered after defendant's evidence that plaintiff was the aggressor had been given, as tending to confirm that evidence, the exclusion of it would have been error (*Murphy* v. *Dart*, 42 How. Pr., 31; *Dolan* v. *Fagan*, 63 Barb., 73; *Jewett* v. *Banning*, 21 N. Y., 27; *Stokes* v. *People*, 53 id., 164); but as no such evidence had been given at the time, and as the excluded evidence alone would not have tended to show that plaintiff was the aggressor, and as no statement was made at the time of the offer as to the object of the evidence, the court had the right to suppose it was only offered to affect the credit of the witness, by showing bad conduct or infamous character, and in that aspect it was in its discretion to exclude it. (*Corning* v. *Corning*, 6 N. Y., 97; *Great Western Turnpike Co.* v. *Loomis*, 32 id., 127.)

The defendant asked the court to charge that plaintiff had no right to take the stones from defendant's land after being directed not to do so; this the court declined to do. *Held*, no error. 1st. It was not clear defendant did not have this right, as he had the right to go upon defendant's land, if necessary, in building the line fence, doing no unnecessary damage. 2d. That it was entirely immaterial, as it appeared, by defendant's own testimony, that it was not until after plaintiff desisted and went upon his own land that the affray occurred.

*Amasa J. Parker* for the appellant.

*Wm. Sparger* for the respondent.

EARL, C., reads for affirmance.
All concur.
Judgment affirmed.